UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:22-cr-63-VMC-TGW

JOSHUA RANDALL FRIEDBAUER

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Joshua Randall Friedbauer's pro se sealed Motion for Compassionate Release (Doc. # 155), filed on August 11, 2025. The United States of America responded under seal on August 20, 2024. (Doc. # 158-1). For the reasons set forth below, the Motion is denied.

**I.   Background**

On December 6, 2023, the Court sentenced Mr. Friedbauer to a total of 180 months for enticement of a minor and receipt of child pornography. (Doc. ## 107, 112). Mr. Friedbauer enticed the thirteen-year-old daughter of his girlfriend who lives in the Philippines to send him sexually explicit photographs. (Doc. # 102 at 6). Mr. Friedbauer is 63 years old, and his anticipated release date is August 7, 2036.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

Now, Mr. Friedbauer seeks compassionate release from prison under Section 3582(c)(1)(A). (Doc. # 155). He argues that compassionate release is appropriate because his seven-year-old daughter, who lives with her mother and family in the Philippines, is severely disabled. (Id. at 7-9). Mr. Friedbauer wants early release from prison so that his daughter can move into his home in the United States and receive better medical treatment here. (Id.).

The United States has responded (Doc. # 158-1), and the Motion is now ripe for review.

## II. Discussion

The United States argues first that the Motion should be denied because Mr. Friedbauer has not established an extraordinary and compelling reason for compassionate release and, alternatively, that Mr. Friedbauer is a danger to others and the Section 3553(a) factors weigh against release. (Id.). The Court agrees on both counts.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the

exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-cr-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024). Section 1B1.13 lists the following qualifying family circumstances:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

3

> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. 1B1.13(b)(3).

In his Motion, Mr. Friedbauer relies on the "family circumstances" and "other circumstances" categories. His seven-year-old daughter has spastic cerebral palsy, currently uses a wheelchair, and requires intensive medical treatment to alleviate her symptoms. (Doc. # 155 at 7-9). Mr. Friedbauer argues she would receive superior medical treatment if she were able to move in with him in the United States. (Id.).

These allegations are insufficient to establish an extraordinary and compelling reason for compassionate release. Mr. Friedbauer acknowledges in his Motion that his daughter lives with her mother and the mother's family in the

4

Philippines. (Doc. # 155 at 8; Doc. # 155-1 at 17). He has not established that the child's mother is "incapacitated"; rather, it appears the mother and her family have been providing medical care to the child in the Philippines. Thus, Mr. Friedbauer is not the only available "caregiver" for his daughter. U.S.S.G. 1B1.13(b)(3)(A). See United States v. Jauregui, No. 22-cr-20429-RNS, 2025 WL 1517404, at *3 (S.D. Fla. May 28, 2025) (denying compassionate release motion because defendant "is not the sole caretaker of his mother and daughter and thus not eligible for release based on their medical circumstances"); United States v. Pemberton, No. 8:16-cr-275-VMC-JSS, 2025 WL 1654805, at *2 (M.D. Fla. June 11, 2025) (denying motion because defendant "presented no evidence showing that he is the sole caregiver available for his mother"). While the Court sympathizes with Mr. Friedbauer's desire to provide his child with the best healthcare possible, he has not established that his child's medical needs warrant his early release under either the family circumstances or other circumstances categories. The Motion is denied on this basis.

Even if Mr. Friedbauer had established an extraordinary and compelling reason for early release, compassionate release still would not be granted. Before granting

compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public and reflects the seriousness of the crime.

Here, a reduction of Mr. Friedbauer's sentence would not protect the public, reflect the seriousness of Mr. Friedbauer's crimes, or promote respect for the law. As the United States correctly notes, Mr. Friedbauer is a danger to the community — particularly children — because "[t]he underlying offense involved egregious mental manipulation and sexual exploitation of a minor female child from the Philippines, much like the daughter he is attempting to become the sole caregiver for in his motion." (Doc. # 158-1 at 8). Additionally, Mr. Friedbauer has served less than two years of his fifteen-year sentence, such that compassionate release would not reflect the seriousness of his crimes. To protect the public, deter future crimes, and promote respect for the law, Mr. Friedbauer must serve the remainder of his sentence.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Joshua Randall Friedbauer's pro se sealed Motion for Compassionate Release (Doc. # 155) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of September, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE