UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA RANDALL FRIEDBAUER,

v.                                   Case No. 8:22-cr-00063-VMC-TGW
                                              8:24-cv-02501-VMC-TGW

UNITED STATES OF AMERICA.
_____/

## ORDER

This matter is before the Court on Joshua Randall Friedbauer's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 154). For the reasons that follow, the Motion is denied.

## I.   Background

In February 2022, Mr. Friedbauer was indicted for one count of enticing a minor to engage in unlawful sexual activity, three counts of enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, and one count of receipt of child pornography. (Crim. Doc. # 8). In 2023, pursuant to a plea agreement, he pled guilty to one count of enticing a minor to engage in unlawful sexual activity and one count of receipt of child pornography; the remaining counts were dismissed. (Crim. Doc. ## 78; 83; 86).

1

On November 29, 2023, the Probation Office filed its presentence investigation report ("PSR"). (Crim. Doc. # 102). Applying the United States Sentencing Guidelines, the Probation Office calculated that Mr. Friedbauer's "guideline imprisonment range is 188 months to 235 months." (Id. at 23). On December 6, 2023, the Court sentenced Mr. Friedbauer to 180 months' imprisonment as to each count, with both terms to run concurrently. (Crim. Doc. ## 107; 110; 112).

On December 18, 2023, Mr. Friedbauer's counsel filed a notice of appeal and moved to withdraw as his attorney. (Crim. Doc. # 113; 114; 116). The Eleventh Circuit docketed the appeal the next day. United States v. Friedbauer, No. 23-14098, at (App. Doc. # 1) (11th Cir. December 19, 2023). On July 23, 2024, his appointed appellate counsel filed an unopposed motion to voluntarily dismiss the appeal, stating she had "communicated with Mr. Friedbauer, who ha[d] advised that he wants to dismiss this appeal voluntarily." Id. at (App. Doc. # 40 at 4). On July 25, 2024, the Eleventh Circuit granted the motion and dismissed the appeal. Id. at (App. Doc. # 41); (Crim. Doc. # 153).

On October 18, 2024, Mr. Friedbauer filed the instant Motion to vacate, set aside, or correct his sentence. (Civ. Doc. # 1 at 20). In the Motion, he asserts claims for

2

"ineffective assistance of counsel" as ground one and ground two, and lists ground three as "[r]eserved for other issues." (Id. at 4-7). He also attaches a "memorandum of facts in support of section 2255," further expanding on his claims and arguments. (Id. at 13-20). The Government responded to the Motion on November 11, 2024. (Civ. Doc. # 5). Mr. Friedbauer failed to file a reply. The Motion is ripe for review.

## II.   Discussion

Mr. Friedbauer raises claims of ineffective assistance of counsel. (Civ. Doc. # 1). Specifically, he faults his counsel for three alleged failures. First, he claims that his counsel "fail[ed] to pursue plea negotiations to protect [his] Fifth and Sixth Amendment rights to ramifications attached by cohercing [sic] [him] to accept a plea as given by government." (Id. at 14). Second, he contends that his counsel failed to "challenge PSR findings which substantially and procedurally inflated [his] sentence." (Id. at 16). Third, he states that his counsel "failed to file [a] direct appeal challenging the sentence, conviction, or the increased penalties." (Id. at 18).

The Government concedes that the Motion is timely and the claims of ineffective assistance are cognizable. (Civ. Doc. # 4 at 6-7). Mr. Friedbauer bears the burden of proof

3

and persuasion on every aspect of his claims. Beeman v. United States, 871 F.3d 1215, 1223-24 (11th Cir. 2017).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Friedbauer must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citations omitted). In other words, Mr. Friedbauer must show that "no competent counsel would have taken the action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Friedbauer must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

4

the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[I]f a claim fails to satisfy the prejudice component, the Court need not make a ruling on the performance component." Ortiz v. United States, No 8:15-cr-409-VMC-JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

### A. Alleged Failure to Pursue Plea Negotiations

First, Mr. Friedbauer argues that his counsel "fail[ed] to pursue plea negotiations to protect [his] Fifth and Sixth Amendment rights . . . by cohercing [sic] [him] to accept a plea as given by government." (Civ. Doc. # 1 at 14). He further asserts that his counsel "misadvised" and "misled" him, and did not negotiate a plea without "enhancements that were unknown to defendant until sentencing." (Id.). According to Mr. Friedbauer, his counsel "expressed that the [prosecutor] was only offering one plea and if defendant failed to accept it he would be going to trial and that the plea cut-off date was mandatory with no extensions." (Id.). He argues that he was prejudiced because there "is a reasonable probability that the lik[e]lihood of the outcome would have been different with less terms of imprisonment, fines, and supervised release." (Id. at 15). He further

contends that his "counsel never mounted a chal[l]enge to the plea nor negotiated an alternative plea deal in [his] favor." (Id. at 16).

As an initial matter, to the extent Mr. Friedbauer attempts to challenge his guilty plea as "coerced," the claim would be procedurally defaulted because Mr. Friedbauer did not raise such arguments on appeal. See Bousley v. United States, 523 U.S. 614, 621 ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Moreover, any such claim is refuted by the record of Mr. Friedbauer's plea colloquy, during which he swore that he was pleading "freely and voluntarily" and that no one had forced or coerced him to plead guilty. See (Crim. Doc. # 148 at 28). Accordingly, any such claim would fail on the merits because Mr. Friedbauer has not met the heavy burden of showing that his sworn statements during his plea colloquy were false. See Winthrop-Redin v. United States, 767 F.3d 1210, 1217 (11th Cir. 2014) ("[B]ecause Winthrop-Redin made statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.'" (citation omitted)). In any event, "[n]o constitutionally impermissible coercion arises when a defendant is forced to choose between the possibility of a

6

long prison sentence if he goes to trial or a shorter sentence if he pleads." Savery v. Sec'y, Dept. of Corr., No. 6:09-cv-810-GAP-DAB, 2010 WL 4683773, at *10 (M.D. Fla. Nov. 10, 2010) (citation omitted).

Mr. Friedbauer's complaints about his counsel's performance during plea negotiations are similarly unavailing. As the Government states, "rather than perform deficiently, [Mr. Friedbauer's] counsel obtained a favorable plea agreement for [him]. By pleading guilty to counts one and five, [Mr.] Friedbauer avoided three counts of enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct. He also obtained a three-point offense-level reduction for acceptance of responsibility. [Mr.] Friedbauer ultimately received a sentence below the guidelines." (Civ. Doc. # 4 at 9-10) (citations omitted).

Even if Mr. Friedbauer could establish his counsel's "deficient performance," Mr. Friedbauer fails to establish prejudice. "In the context of pleas[,] a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 566 U.S. 156, 163 (2012). Specifically, "in order to satisfy the 'prejudice' requirement [of Strickland], [he] must show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, Mr. Friedbauer's Motion shows that, even if his counsel had acted as Mr. Friedbauer thinks he should have, Mr. Friedbauer would not have insisted on going to trial; instead, Mr. Friedbauer would have still sought to plead guilty. See (Civ. Doc. # 1 at 14) ("Prior to acceptance of plea defendant and his family communicated to counsel that defendant was more than willing to accept a plea for Seven to Ten years for his illicit and illegal acts if Counsel proposed it to the Government . . . Had Counsel taken the offer before the Government or AUSA as desired there may have been a possibility that the Government would have accepted it upon certain conditions favorable to all parties.").

Furthermore, Mr. Friedbauer "fails to show a reasonable probability that, had his counsel acted differently, the Government would have made a more favorable plea offer." Laseter v. United States, No. 2:18-cv-444-MHH-KFP, 2021 WL 5991055, at *7 (M.D. Ala. Aug. 17, 2021), report and recommendation adopted, No. 2:18-cv-444-MHH-KFP, 2021 WL 5989102 (M.D. Ala. Dec. 17, 2021). His "subjective belief that the Government's actual plea offer was not the best he

8

could do fails to create an inference that another, more favorable plea offer existed or was obtainable. Indeed, there is no evidence that a more favorable plea agreement was obtainable." Id. "All [Mr. Friedbauer] shows is that [he] would have preferred a more favorable plea agreement — such a showing could be made by almost anyone who has entered into a guilty plea." Freeman v. United States, No. 1:06-cr-0185-TWT-JFK, 2011 WL 2680494, at *5 (N.D. Ga. June 10, 2011), report and recommendation adopted sub nom. United States v. Warner-Freeman, No. 1:06-cr-185-TWT, 2011 WL 2680509 (N.D. Ga. July 7, 2011).

Mr. Friedbauer is not entitled to relief on this claim.

### B. Alleged Failure to Challenge PSR Findings

Second, Mr. Friedbauer argues that his counsel failed to "challenge PSR findings which substantially and procedurally inflated [his] sentence." (Civ. Doc. # 1 at 16). He contends he did not have an opportunity to review the findings or make objections to the PSR, and he suggests there were "mitigating and aggravating factors as well as victim enhancements applied erroneously that should have been challenged prior to sentencing." (Id. at 16–17). He further alleges his counsel "allowed [his] sentence to be left unreasonable substantively and procedurally which prejudiced [his] due process to [the]

SIXTH AMENDMENT." (Id. at 17). He states his "sentence is in the excess amount authorized by law as it stands, and is a grave miscarriage of justice due to [counsel's] ineffectiveness." (Id.).

As an initial matter, to the extent Mr. Friedbauer attempts to challenge his sentence on the ground that his guideline range was miscalculated, such a claim would not be cognizable. See Spencer v. United States, 773 F.3d 1132, 1140 (11th Cir. 2014) (holding that "any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory"). The claim would also be procedurally defaulted because Mr. Friedbauer did not raise such arguments on appeal. See, e.g., McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (stating "it is beyond dispute that [defendant] procedurally defaulted his claim that he was erroneously sentenced as a career offender" where the claim was not raised on appeal). The Court also rejects Mr. Friedbauer's contention that his sentence was in "the excess amount authorized by law as it stands." (Civ. Doc. # 1 at 17). As Mr. Friedbauer's plea agreement provides: "Count One is punishable by a mandatory minimum term of imprisonment of ten years up to life . . . Count Five is punishable by a mandatory minimum term of imprisonment of

10

five years up to twenty years . . .." (Crim. Doc. # 78 at 1-2); see also 18 U.S.C. § 2422(b); 18 U.S.C. § 2252(b)(1). The Court sentenced Mr. Friedbauer to 180 months' imprisonment as to each count, with both terms to run concurrently. (Crim. Doc. ## 107; 110; 112). His sentence does not exceed the statutory maximum penalty. Indeed, his 15-year sentence fell below his guidelines range and is equivalent to consecutive terms of the mandatory minimum for each count.

The Court is unpersuaded by Mr. Friedbauer's complaints about his counsel's performance during sentencing. As the Government states, "[t]he record [] refutes [his] claims that he was unable to review the PSR's findings and was not informed that he could object. First, this Court notified him at his guilty plea hearing of his ability to object to the PSR. And he did raise objections to allegations, as well as identify various mitigating factors, with the United States Probation Office. At sentencing, counsel confirmed that he had an 'opportunity to read and discuss with Mr. Friedbauer the presentence report' and that there were no outstanding objections." (Civ. Doc. # 4 at 12-13) (citing Crim. Doc. ## 1 at 16; 148 at 30-31; 102 at 18, 29-33; 137 at 5-6). Indeed, Mr. Friedbauer's counsel filed a sentencing memorandum

11

requesting a downward variance (Crim. Doc. # 104), which the Court granted in part. (Crim. Doc. ## 108; 109).

Again, even if Mr. Friedbauer could establish "deficient performance," Mr. Friedbauer fails to establish prejudice. Mr. Friedbauer merely states "[t]here were mitigating and aggravating factors as well as victim enhancements applied erroneously that should have been challenged prior to sentencing." (Crim. Doc. # 1 at 17). He fails to particularize or identify which "mitigating and aggravating factors" were incorrectly applied. See Vallecilla-Velez v. United States, No. 8:08-cv-2406-JDW-TBM, 2010 WL 2232948, at *4 (M.D. Fla. June 3, 2010) (finding no showing of prejudice where defendant "does not allege that the PSR contained any incorrect or false information and does not allege any objections that he would have either presented himself or asked counsel to present to the sentencing court on his behalf").

To the extent Mr. Friedbauer complains his counsel should have objected to the "vulnerable victim adjustment" (Crim. Doc. # 102 at 12) under U.S.S.G. § 3A1.1(b)(1), his claim still fails. That provision "provides for a two-level increase '[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim.'" United States v. Bazile, 590 Fed. App'x 870, 872 (11th Cir. 2014)

12

(citation omitted). A "vulnerable victim" is one "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." Id. (citation omitted). Here, Mr. Friedbauer pled guilty to sexually exploiting a 13-year-old girl from the Philippines while in a relationship with her mother. (Crim. Doc. # 78 at 17-24). He "sent over $35,000" to the Philippines, "used manipulative techniques to coerce the minor female to continue providing photos and to continue the online relationship," and stated he would "refus[e] to support the minor victim's family financially if the communication and photos from the minor victim stopped." (Id. at 18). In light of the plea agreement and the sentencing transcript (Crim. Doc. ## 78; 137), the Court would have imposed the vulnerable victim adjustment even if an objection were raised. Thus, Mr. Friedbauer fails to show prejudice. See Malara v. United States, No. 8:21-cr-66-KKM-AAS, 2024 WL 4534184, at *7 (M.D. Fla. Oct. 21, 2024) (finding no prejudice where a petitioner did not "show a reasonable probability that the district court would have sustained a relevant-conduct objection and imposed a shorter sentence absent counsel's allegedly deficient performance").

Mr. Friedbauer is not entitled to relief on this claim.

13

### C. **Alleged Failure to File Direct Appeal**

Finally, Mr. Friedbauer states his "counsel failed to file a direct appeal challenging the sentence, conviction, or the increased penalties." (Civ. Doc. # 1 at 18). He contends he "alerted [c]ounsel of filing an appeal" but his "expressed concerns and issues were ignored by counsel." (Id.). He asserts his counsel "only filed [an] Anders Br[ie]f to be removed from the defendant's case after sentencing." (Id.).

Mr. Friedbauer's contentions are refuted by the record. On December 18, 2023, Mr. Friedbauer's counsel filed a notice of appeal and moved to withdraw as his attorney. (Crim. Doc. # 113; 114; 116). The Eleventh Circuit docketed the appeal the next day. Friedbauer, No. 23-14098, at (App. Doc. # 1). His appointed appellate counsel appeared on his behalf on February 7, 2024. (Crim. Doc. # 117); Friedbauer, No. 23-14098, at (App. Doc. # 5). On July 23, 2024, his appellate counsel filed an unopposed motion to voluntarily dismiss the appeal, stating she had "communicated with Mr. Friedbauer, who ha[d] advised that he wants to dismiss this appeal voluntarily." Id. at (App. Doc. # 40 at 4). On July 25, 2024, the Eleventh Circuit granted the motion and dismissed the appeal. Id. at (App. Doc. # 41); (Crim. Doc. # 153).

Mr. Friedbauer is not entitled to relief on this claim.

14

### III. <u>Evidentiary Hearing</u>

As the Court readily determined that Mr. Friedbauer's Motion lacks merit, no evidentiary hearing is required. <u>See</u> 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); <u>see</u> <u>also</u> <u>Hernandez v. United States</u>, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

### IV. <u>Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied</u>

The Court declines to issue a certificate of appealability because Mr. Friedbauer has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Friedbauer to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3). Mr. Friedbauer shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Joshua Randall Friedbauer's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 154) is **DENIED.**

(2)  The Clerk is directed to enter judgment accordingly and, thereafter, to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of July, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE